IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JARMAL JABBAR SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 2:23-cv-32-RAH-CWB |
| DANIEL HARRIS, JR., et al., | ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Jarmal Jabbar Sanders, proceeding *pro se*, filed this action on January 12, 2023 (Doc. 2) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 3). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 5). By Order dated January 19, 2023 (Doc. 6), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e).[1]

After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge issued an Order dated January 30, 2023 (Doc. 7) directing Plaintiff to file an Amended Complaint by February 13, 2023. The January 30, 2023 Order set out with specificity how the Complaint was deficient and what information should be included within the Amended Complaint. (*Id.*). Plaintiff further was cautioned that "**failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure**

---

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

**will result in a recommendation that the action be dismissed**." (*Id.* at p. 5) (bold in original). The Order was mailed to Plaintiff's address of record but was returned to the Clerk of Court marked "return to sender" and "insufficient address unable to forward." (Docket Notation dated February 2, 2023). Plaintiff thus failed to file an Amended Complaint by the imposed deadline.

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *See Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order. Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Considering Plaintiff's willful failure to maintain a current address on file with the court and comply with instructions to replead, the undersigned finds that any sanction lesser than dismissal would not be appropriate in this instance. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the January 30, 2023 Order. (Doc. 7). In short, the Complaint (Doc. 2) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Most notably, Plaintiff has failed to articulate any basis for the court to exercise subject matter jurisdiction, *i.e.*, Plaintiff has not identified any federal authority under which he brings his claims <u>or</u> alleged sufficient facts to support diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction."); *see also* Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, Plaintiff has failed to plead sufficient facts to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If anything, the Complaint contains the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that have been deemed insufficient by the United States Supreme Court to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

Any party may file written objections to this Recommendation. Such objections must be filed with the Clerk of Court no later than **March 10, 2023**, must identify every objectionable finding or recommendation, and must state the specific basis for every objection being asserted. An objecting party also must identify any claim that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal the District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this 24th day of February 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**